## Evans vs. Ely and another, imp.

*April 12 — May 10, 1882.*

EQUITY: JUDGMENT: PLEADING. *(1) Reformation of deed: Rights of judgment creditors as defendants: Form of judgment. (2) How they must plead to obtain affirmative relief.*

1. Where, in an action to reform a deed so as to make it include lands not described therein, judgment creditors of the grantor, who claim that their judgment is a lien on the land in question, are made defendants, and relief asked against them, they may defend on the ground that the deed was made in fraud of creditors; and, upon proof of that fact, their rights should be expressly saved by the judgment. A judgment against all the defendants, upon the issues so made, adjudging the title to the property to be and stand in the plaintiff the same as if the land had been correctly described in the deed when delivered to him, would bar such defendant creditors from subsequently litigating the question of fraud.

2. To entitle themselves to full relief in this action by the enforcement of their lien upon the land in question, if they are found to have such a lien, the judgment creditors should ask for such relief in their answer.

APPEAL from the Circuit Court for *Jefferson* County.

The defendants *Ely* and *Bender* appealed from a judgment in favor of the plaintiff. The case is sufficiently stated in the opinion.

*Warham Parks*, for the appellants.

For the respondent there was a brief by *I. W. & G. W. Bird*, and oral argument by *G. W. Bird*.

COLE, C. J. This is an action in equity to reform a deed which was given by the defendants Richard and Sarah Evans to the plaintiff, their son, on the 21st day of October, 1873. It is alleged in the complaint that there was a mistake in the description of one of the tracts, and that the deed does not include all the lands intended to be conveyed by it. *Ely* and *Bender* are joint judgment creditors of Richard Evans by virtue of a judgment docketed June 30, 1877, and

are made defendants in this action to reform the deed. It is averred that *Ely* and *Bender* claim that their judgment is a lien upon the land which was intended to be conveyed by the deed, and that they threaten to sell the same to satisfy the judgment. The plaintiff asks that the deed be reformed so as to correctly describe the land intended to be conveyed, and that the said tract be discharged and released from the lien of the judgment. The grantors in the deed made no defense. The judgment creditors set up in their answer, in substance, that the deed in question was made to prevent the creditors of Richard Evans from collecting their lawful claims against him, and that the same was fraudulent and void as to them.

On the trial, the learned circuit court in effect denied the judgment creditors the right to attack the validity of the deed, and excluded all testimony which was offered having a tendency to show that the deed was fraudulent as to the creditors of Richard Evans. We shall not refer in detail to the various offers of evidence made by the appellants. It is sufficient to say that at least some of them were calculated to sustain the defense in the answer that this deed was made to prevent the creditors of Richard Evans from collecting their claims against him. We think all evidence which was offered to sustain that defense should have been received. It seems the plaintiff was not content to proceed for a reformation of the deed against his grantors alone, as he might have done, leaving all questions as to whether the judgment of *Ely* and *Bender* ever became a lien upon the premises to be settled when they should arise. But he saw fit to make these judgment creditors of his father parties to the action, and asked affirmative relief against them. Under these circumstances, upon what ground can it be justly said or held that the judgment creditors really had no standing in court — could not assert their rights or show, if they could, that the deed was fraudulent as to them? We confess we are unable

to perceive any good reason why they should not have been allowed to make the defense set up in their answer. Had they succeeded in establishing the fact that the deed was fraudulent as to them, then it is plain that the lien of their judgment should not have been discharged or affected by any relief given in respect to the grantors. In that case their rights should have been expressly saved by the judgment reforming the deed.

But the learned counsel for the plaintiff insists that the judgment which was rendered does not in any way prejudice or interfere with their right to contest hereafter the validity of the deed, or to show that their judgment became a lien upon the premises intended to be conveyed. We are unable to concur in that view. It seems to us that the judgment given would most effectually bar them from ever litigating that question in a subsequent suit. It is true, the judgment does not in so many words discharge the lien of the *Ely* and *Bender* judgment; but this must be its effect when construed in connection with the issues made by the pleadings, for it adjudges the title to the property to be and stand in the plaintiff the same as if the land had been correctly described in the deed at the time the instrument was delivered to him. The judgment would doubtless be construed as granting all the relief demanded in the complaint, and as discharging the judgment lien in question. But it is further insisted that the plaintiff is entitled to the reformation of the deed, even though the lien of the grantor's · judgment creditors may be thereby defeated. We are not disposed to go into that question until the judgment creditors have had an opportunity to make their defense. It may possibly appear, when all the facts are disclosed, that there was no interest remaining in the grantor upon which the judgment would become a lien, and that the plaintiff is entitled to hold the land actually intended to be conveyed.

But these points, as well as the question in regard to the

homestead, can better be determined when all the proofs are before the court. If in fact the principal part of the tract omitted from the deed was the homestead of Richard Evans, a correction of the deed may not take anything from the judgment creditors; but, as we have intimated, we do not feel called upon to consider any of these questions in the absence of the testimony which the defendants may produce tending to impeach the deed. We would, however, suggest that it may be well for the defendants to so amend their answer as to obtain full relief in this suit if it should ultimately be established by the evidence that the conveyance was fraudulent as to them, or that their judgment became a lien upon the premises. This would save further litigation over that question, and would promote the interest of all concerned. It may be doubtful whether the judgment creditors, under their present answer, would be entitled to anything more than a judgment which should save their rights, even if they succeeded in clearly and satisfactorily making out the defense which they have set up therein.

It follows from these views that the judgment of the circuit court must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*— So ordered.